## Wytheville.

### E. L. LANGFORD & BRO. v. TAYLOR.

#### JULY 4, 1901.

1. SPECIFIC PERFORMANCE—*Lack of Equity—Remedy at Law.*—Where the answer to a bill for specific performance denies all the grounds of equity set up in the bill, and the averments of the bill are not supported by proof, the bill should be dismissed, and the plaintiff left to his remedy at law.

2. SPECIFIC PERFORMANCE—*Irreparable Injury—Averments Necessary.*—to entitle a complainant to specific performance of a contract for the sale of personal property possessing no *pretium affectionis*, his bill must not only allege an irreparable injury, but must set up a state of circumstances which, if true, show that the injury would be irreparable.

3. DETINUE—*Insolvent Defendant—Injunction—Code, Sec. 2907.*—The insolvency of a defendant in detinue is no ground for an injunction to prevent the removal or disposition of the subject of litigation. An ample remedy is afforded the plaintiff by section 2907 of the Code.

4. SPECIFIC PERFORMANCE—*Inability to Perform Decree.*—A decree for specific performance will not be granted against a defendant who is unable to perform the decree even though the inability were brought about by the defendant himself, or where the court cannot enforce its judgment.

Appeal from a decree of the Circuit Court of Scott county, pronounced March 23, 1901, in a suit in chancery, wherein the appellee was the complainant, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*R. R. Kane* and *S. H. Bond*, for the appellants.

No counsel for the appellee.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Scott county compelling specific performance of a contract for the sale of twelve barrels of whiskey in a United States government warehouse, held subject to the payment of the internal revenue tax due the government. thereon.

The bill had for its object, first, to enjoin and restrain the defendant from taking possession of the whiskey until the final determination of an action of *detinue* pending on the law side of the court, instituted to recover the possession of the whiskey in question; and, second, to compel the defendants to specifically perform the alleged contract by delivering the whiskey to the plaintiff. ·

The averments of the bill as to the contract are, substantially, that the defendants in February, 1898, had twelve barrels of corn whiskey, containing 480 gallons, in the government warehouse in Scott county, upon which there was a deficiency tax amounting to $180 in excess of the $1.10 per gallon, the internal revenue tax thereon, and the defendants agreed with the plaintiff that if he would pay the deficiency tax on the whiskey, they, the defendants, would transfer to him all the right, title, claim, and interest they had therein, and the possession thereof, subject to the tax of $1.10 per gallon due the government, which the plaintiff was to pay as the whiskey was withdrawn from the warehouse, and the plaintiff was to be allowed to withdraw it in the defendants' name.

It is further averred that the plaintiff complied with his part of the contract by paying to one of the defendants $170.00, and to the United States deputy revenue collector $3.25, being the amount of the deficiency tax on the whiskey, less $10.00 paid by the defendants, but the defendants refused to allow plaintiff

to withdraw the whiskey from the warehouse, and were threatening to pay the tax thereon, and to withdraw and make sale of it themselves.  It is also averred that the defendants are insolvent, &c.

The defendants demurred and answered, denying specifically each and every allegation of the bill.  No replication to the answer seems to have been filed, and the plaintiff's own deposition alone was taken to support his bill.

His statement of the contract is: " Well, I was to pay Mr. Langford one hundred and seventy dollars; he said he had 485 gallons of corn whiskey in the warehouse  *  *  *  which he said was levied on by W. B. Kilbourn, deputy revenue collector, and he wanted me to furnish the money to pay off this deficiency tax, and in addition to the above. sum of money, I was to pay the government $1.10 revenue per gallon, when stamped out, and I was to have all of said liquor for the above named sum of money, and to have the privilege of stamping it out in the name of E. L. Langford & Bro." (defendants).  He then states that some time after this he called on them for the whiskey, or sent a messenger twice, and they refused to let him have it.  He was asked: " Have they or either of them, or any person for them, paid you back the sum of $170.00, or any part thereof, or in any way changed their contract with you?"  To which he replied, " No, sir."  This is all of his evidence from which it can be even inferred that he had paid anything in pursuance of the alleged contract.

Upon the hearing of the cause the court overruled the demurrer, perpetuated the temporary injunction theretofore awarded the plaintiff, and decreed that he was entitled to all of the rights and title of the defendants to the whiskey in question; and entitled to the possession thereof, subject to such right as the government of the United States may exercise over it; and that to obtain the possession of the same, a writ of possession is ordered to be awarded the plaintiff directed to the sheriff of

Scott county for execution. From this decree the defendants obtained an appeal to this court.

The controversy here is as to personal property having no *pretium affectionis.* The answer denies all the grounds of equity set up in the bill, and no ground for equitable interference is supported by proof. Where this is the case the plaintiff should be left to his remedy at law. To entitle a complainant to specific performance of a contract, his bill must not only allege an irreparable injury, but must set up a state of circumstances which, if true, show that the injury would be irreparable. *Moore* v. *Steelman,* 80 Va. 340; *Goldsby* v. *St. John,* 25 Gratt. 151.

In this case appellee had brought his action of *detinue* to recover possession of the whiskey in controversy, and section 2907 of the Code provides that, upon the plaintiff in such an action, his agent, &c., making affidavit that there is good reason to believe that the defendant is insolvent, so that any recovery against him for the alternate value of the property and for damages and costs would probably prove unavailing, or that the property, for the recovery of which the action was brought, would be sold, removed, &c., so that it would not be forthcoming to answer the final judgment of the court respecting the same, and that when such affidavit states the kind, quality, and value of the property claimed by the plaintiff, and that the affiant verily believes that the plaintiff is entitled to recover the same, the clerk of the court in which the action is pending, upon the plaintiff or some one for him executing a bond, with sufficient surety, &c., payable to the defendant, conditioned as prescribed by the statute, shall issue an order or other process, directed to the sheriff or other proper officer, commanding him to seize and take into his possession the property mentioned in such affidavit, and it shall be the duty of the officer to whom such order or process is directed and delivered to forthwith proceed to execute the same.

In determining whether appellee's remedy was complete and adequate at law the statute referred to is to be considered, and

this done, it is clear that it was. Moreover, if his alleged contract were clearly and definitely proved, the inability of appellants to perform their undertaking at all, when called upon by the court to do so, was sufficient to prevent a decree against them for its specific performance, and this is true even if they had rendered themselves unable to perform it. *Jones* v. *Tunis, ante;* Pom. on Spec. Per., secs. 393-4.

A court of equity will not interfere in specific performance, where the court would be unable to enforce its own judgment. Fry on Spec. Per., sec. 27.

Conceding that the sheriff of Scott county would have the right, under the decree of the court, to enter the warehouse of the United States government, seize the whiskey claimed by appellee, and deliver it to him, upon the tax thereon due the government being paid, he neither avers nor proves his readiness and ability to pay this tax.

We are of opinion that appellee's remedy is complete and adequate at law, and that, if this was not the case, his alleged contract is such that a court of equity cannot enforce performance.

The decree appealed from will, therefore, be reversed and annulled, and this court will enter such decree as the Circuit Court should have entered, dismissing appellee's bill with costs to appellants.

*Reversed.*