JOSEPH PADULA *vs.* TOWN COUNCIL OF THE TOWN OF
WEST GREENWICH.

MARCH 30, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to review the action of the respondent town council in denying an application for a junk yard license to the petitioner. Pursuant to the writ the record of the proceedings before the town council is before us.

It appears that on March 7, 1961 petitioner purchased from Edward Palmborg land and buildings located on the southerly side of Old State Road, so called, in the town

of West Greenwich. This location had been used as a junk yard since 1946 by Palmborg but in the beginning it was operated without a license therefor. An ordinance was passed on October 8, 1951 regulating junk yards and thereafter Palmborg obtained a license and operated a junk yard under it to May 10, 1961.

Palmborg was notified to appear at a meeting on that date, at which time he informed the council that he had sold his land and business and desired to transfer his license to petitioner. He was told that a license was not transferable and that petitioner must apply to the town council for a new license to carry on the junk business. The town council so ruled and rightly so. See 33 Am. Jur., Licenses, §65, p. 381. Thereafter petitioner applied for a license, which was duly advertised and a public hearing held thereon on June 14, 1961.

Prior to the hearing objections to the granting of the license were filed by residents in the vicinity of petitioner's premises. At the meeting of the council those assembled were asked if anyone was in favor of granting the license. No one responded and it was voted unanimously to deny it. Thereafter this petition was filed.

The question to be determined is: Was the denial of a license to petitioner on June 14, 1961 proper?

The first two sections of the ordinance passed October 8, 1951 are as follows:

"Section 1. No person, company, firm or corporation shall engage in the business of selling, purchasing, bartering and/or dealing in junk, old metals and/or other second hand articles or engage in dismantling second hand cars without first obtaining a license to do so from the Town Council.

"Section 2. No license shall be granted to the keeper of any shop, storehouse or yard for the reception of any junk, old metal or second hand articles including cars, in any location not occupied for such purposes at the time of application for such license, when the

owners or occupants of the greater part of the land within two hundred (200) feet of such building, or place, shall file with the Town Council, having jurisdiction to grant licenses, their objection to the granting of such license."

Following its passage Palmborg applied for and obtained a license. Since he had occupied for several years the same location for a junk yard for which he sought a license, there was no opportunity or basis for neighbors within a distance of 200 feet to file objections with the town council.

The petition objecting to the granting of a license to Padula contained the names of twelve residents of the town whose homes were in the vicinity of Padula's premises, and concluded, "and if this license is granted it will cause us much distress and reduce the value of our property."

From the foregoing it appears that the objectors did not assert that they were "owners or occupants of the greater part of the land within two hundred (200) feet of such building or place" and therefore did not bring themselves within the terms of G. L. 1956, §5-21-2. They were, however, nearby residents and had a right to object as they did.

The petitioner herein in arguing that the decision of the town council be quashed presents five questions as follows:

"1. Did the Town Council exceed its jurisdiction in requiring compliance with 5-21-2 of the General Laws of Rhode Island, 1956, and the West Greenwich ordinance enacted thereunder, for a junk license at a location occupied as a junk yard at the time of application for such license?

"2. Was there any legal evidence to support the ruling that the greater part of the owners within 200 feet of the proposed junk yard objected thereto?

"3. Was there any competent legal evidence to support the Town Council's denial of a junk license?

"4. Does the purchaser of property acquire all the rights and uses of the prior owner thereto?

"5. Does 5-21-2 of the General Laws of Rhode Island, 1956 and the West Greenwich ordinance enacted thereunder unlawfully delegate administrative power to adjacent owners of land?"

As to question 1, it does not appear that G. L. 1956, §5-21-2, applies to the situation arising in this case. The application of Padula for a license was advertised and objectors whose residences were not in evidence appeared and spoke against granting it. Padula himself was present but did not speak when he was given the opportunity. The five members of the council were present and were wholly within their rights in denying the application as they did.

There appears to be no pertinency to the second question since it does not appear that any ruling was made to the effect that the greater part of the owners within 200 feet of the proposed junk yard objected thereto.

As to the third question it appears that twelve persons, all residents of the town whose residences were in the vicinity, stated that if a license were granted the value of their properties would be reduced and that the presence of a junk yard would cause them much distress.

In reference to petitioner's fourth question, if he means to ask if as the purchaser of Palmborg's property he acquired the right to carry on the junk business because Palmborg had that right, the answer is in the negative. Palmborg had the right because of his license which was a right given to him personally and which as previously stated did not automatically pass to petitioner.

As to the fifth question, it seems to be unnecessary to answer this question since the decision of the council in denying the license was not based on G. L. 1956, §5-21-2.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record of the proceedings certified to this court is ordered returned to

the respondent town council with our decision endorsed thereon.

*Felix A. Appolonia*, for petitioner.

*A. Earl Shaw, Jr.*, Town Solicitor, for respondent.