Alfonse Murano *vs.* Director of Public Works.

FEBRUARY 21, 1963.

Present: Condon, C. J., Roberts, Powers and Frost, JJ.

Roberts, J. This is a petition brought pursuant to the provisions of G. L. 1956, §37-6-18, for the assessment of damages resulting from a taking of land for highway purposes. The matter was heard by a justice of the superior court sitting with a jury, and a verdict was returned for the petitioner in the amount of $15,400, inclusive of an award of $2,400 for interest. The respondent moved thereafter for a new trial on the ground that the verdict was grossly excessive, and after a hearing on this motion the trial justice ordered a new trial unless the petitioner within five days filed a remittitur of all of the amount in excess of $12,400.

The petitioner declined to file the remittitur and is now prosecuting in this court his exception to the decision of the trial justice on the motion for new trial.

The petitioner contends that the trial justice erred in ordering a new trial unless such a remittitur was filed. He bases that contention on several grounds but in particular on the ground that the trial justice erred in that he substituted his own opinion for that of the jury on the issue of damages in a situation where the evidence was such that reasonable men would have been warranted in reaching different conclusions thereon.

It appears from the evidence that the property under consideration was located on Tower street in the town of Westerly. It comprised a parcel of land, somewhat irregular in shape, on which was located a small granite building that had been used as a grocery store and a two-car frame garage. The evidence, insofar as it is material to the issue under consideration, was adduced through the testimony of two expert witnesses, each of whom, it was conceded, had long experience in the real estate business in the Westerly area. It appears further that these witnesses were in agreement that they had available to them no evidence of comparable sales for the purpose of establishing a fair market value for the granite building.

The petitioner's expert witness stated that he had determined the value of the granite building and garage on the basis of a formula involving the cost of the replacement thereof less depreciation, while he assessed the value of the land on the basis of comparable sales. He testified, in substance, that the value of the property taken by respondent was $15,000. On the other hand, respondent's expert witness expressed the opinion that the fair market value of the property taken was $7,500 and testified that he had reached this conclusion on the basis of the capitalization of income formula. It is a situation then in which the two experts, each of undisputed competence in the field, gave

sharply and substantially conflicting opinions as to the fair market value of the property taken.

In his decision on this motion the trial justice commented on the substantial difference in such testimony. It does not appear, however, that he in any manner impeached the credibility of either witness. He noted that, given such contrary opinions as to value, the jury "were the appraisers in the last analysis." This statement, we understand, is in recognition that the fact-finding power is in the jury in the first instance at least. The trial judge then went on to say: "The court, acting upon its own independent judgment, feels the verdict is a little high under the circumstances, feeling it has a right to study the matter, having examined the structures and having listened to the testimony of the witnesses. The court feels the verdict is somewhat excessive * * *." Thereafter he conditionally ordered the new trial.

It appears from the record that the trial justice passed upon the weight of the evidence and the credibility of the witnesses in an exercise of his independent judgment and thus complied with the duty incumbent upon him when passing on a motion for new trial after verdict. *Martinelli* v. *Steiner*, 84 R. I. 339. The petitioner argues, as we understand him, that having complied with that duty and having indicated in his decision that on this conflicting testimony the question as to the amount of the damages was for the jury, the trial justice then erroneously proceeded to substitute his own opinion for that of the jury with respect to whether the amount awarded was grossly excessive.

It is well settled in this state that a trial justice, when passing upon a motion for new trial, should not disturb a verdict of a jury where the evidence is such that reasonable men in considering it would be warranted in reaching different conclusions thereon. This rule, in our opinion, has particular application to situations in which sharply conflict-

ing evidence raises a substantial question as to which of the witnesses is the more worthy of belief. In *Hirschmann v. Sun-Dial Optical Co.,* 89 R. I. 31, this court recognized that the settled rule is "that where there is evidence of such a character that reasonable men could reach different conclusions as to which of the parties had presented the more credible testimony, the trial justice on a motion for a new trial should not disturb the verdict." We are constrained to conclude that in the instant case the action of the trial justice was violative of this rule.

It is true that he was confronted with conflicting testimony of expert witnesses. However, this does not, in our opinion, take it out of the purview of the rule to which we have just referred. In cases turning on expert testimony, it is not to be assumed that it will mislead or confuse the jury or, absent a showing to the contrary, that the jury erred in considering the qualifications of the expert witnesses or in determining which of them was the more worthy of belief. *Sasso* v. *Housing Authority,* 82 R. I. 451. We perceive nothing in the record in this case that would warrant our concluding that the jury had been misled or confused on the matter in issue. It is therefore our opinion that the trial justice erred in conditionally granting a new trial.

The petitioner's exception is sustained, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Natale L. Urso, Howard R. Haronian,* for petitioner.

*Vincent J. Baccari,* for respondent.