275 A.2d 643.

JOSEPH PIASCZYK *et ux. vs.* WATER RESOURCES BOARD.

APRIL 7, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a petition for assessment by a jury of damages for the taking of certain parcels of land located in West Greenwich, Rhode Island, and owned by the petitioners pursuant to the provisions of G. L. 1956 (1969 Reenactment) §37-6-18. The land was taken pursuant to legislation providing for the acquisition of land for reservoir purposes under an Act known as the "Big river-Wood river reservoir site acquisition act," P. L. 1964, chap. 133. This appeal is concerned only with two parcels of the land so taken. One was identified on the condemnation plat as Parcel No. 31 and is hereinafter referred to as Parcel A; the other is referred to on said plat as Parcel 345 and is hereinafter referred to as Parcel B.

The petition was heard by a justice of the Superior Court sitting with a jury. The jury found that at the time of the taking the fair market value of the land was as follows: Parcel A, $40,350; and Parcel B, $40,000. Thereafter, the respondent Board claimed a new trial, and this was subsequently granted by the trial justice unless petitioners within 15 days after the issuance of his decision filed a remittitur of all that portion of the verdict in excess of $30,000 with respect to Parcel A and a remittitur of all of that portion of the verdict in excess of $25,000 with respect to Parcel B. From that order petitioners are prosecuting an appeal to this court.

It appears from the record that Parcel A fronted on a public highway for approximately 825 feet. Several buildings were located on this parcel, including a one-family house used for residential purposes and also as an office for an automobile salvage business, two garages, and a summer house. The premises were used not only for residential purposes but also for the conduct of an automobile salvage business and junkyard. Parcel B fronted on a public highway for approximately 560 feet, and there were several buildings on this parcel. Parcel B was used primarily for the junking of automobiles and trucks, and petitioners adduced testimony tending to prove that sand and gravel were sold from a gravel bank located on this parcel.

The petitioners charge that the trial justice erred in granting a new trial subject to the filing of the remittiturs as ordered. They contend that he substituted his own opinion for that of the jury on the issue of damages in a situation wherein reasonable men would have been warranted in reaching different conclusions thereon. It is well settled in this state that a trial justice, in passing upon a motion for a new trial, should not disturb a jury's verdict where the evidence is such that reasonable men in con-

sidering it could reach different conclusions thereon. *Murano* v. *Director of Public Works,* 95 R. I. 509, 188 A.2d 375; *Hirschmann* v. *Sun-Dial Optical Co.,* 89 R. I. 31, 150 A.2d 293.

It appears, however, from the thrust of petitioners' argument that they misconceived what constitutes appropriate circumstances for an application of this rule. They appear to overlook the fact that a trial justice, in exercising his obligation to pass upon the credibility and weight of the evidence in an exercise of his independent judgment, may himself consider the credibility of the witnesses and the weight to be given to their testimony and evaluate on the basis of his own experienced judgment such credibility and weight.

The rule urged by petitioners is applicable only to those cases wherein the trial justice, in passing on the credibility of the witnesses and the probative force to be given the evidence, concludes that the jury did not rest its verdict upon evidence the falsity of which is suggested by its being contradicted by other positive testimony or circumstantial evidence or because of inherent improbabilities or contradictions contained therein. Whenever he finds that the jury rested its verdict on evidence the probative force of which is not negated, he should, absent some peculiar circumstances, leave that verdict undisturbed.[1]

The record in the instant case discloses clearly that the trial justice, in passing on credibility and weight, found that the jury's awards of damages rested in substantial part upon appraisals made by expert witnesses who, in establishing those valuations, relied upon factors not applicable in the circumstances. He discussed all of the appraisals and all of the factors involved in establishing such

---

[1]For a discussion of the proper exercise by a trial justice of his duty to pass upon credibility and weight on a motion for a new trial, see *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836.

values, and scrutinized the propriety of the use of such factors of value in reaching their appraisals.

He makes clear his conclusion that the higher appraisals of the two parcels were based upon at least two misconceptions. The first of these was the fact that they concluded from the fact that a junkyard business was being conducted on the properties that the license to conduct such a business on the land enhanced the value of both parcels. That this was an erroneous conclusion is made clear in *Padula* v. *Town Council,* 94 R. I. 196, 179 A.2d 334, wherein this court held that a license to conduct a junk business grants only a personal privilege and not a right that runs with the land.

He further concluded that the appraiser testifying in behalf of petitioners had appraised the land at a high value by reason of his overemphasizing the value of a small sand and gravel business that had been conducted on the land and concluding that the sand and gravel banks on the land substantially enhanced the value thereof. The trial justice pointed out that he could not accept the estimate of this appraiser as to the value of sand and gravel because there had been no substantial tests or investigations of the extent or quality of the gravel that was on the land nor any reliable evidence as to what its market value would be at the time of the taking.

Upon his rejection of evidence concerning the value of the junkyard business being conducted on the land and the value of the sand and gravel available there, he then examined the evidence and concluded that the jury's award of damages on each parcel was excessive and ordered a new trial unless the parties consented to remittiturs. We are persuaded from our perusal of the record that he properly found that the awards were grossly excessive and that in so doing he cannot be held to have substituted his judgment for that of the jury. We are of the opinion that

the trial justice did not err in granting a new trial on the respondent's motion subject to the remittiturs ordered and conclude that the case should be remitted to the Superior Court for a new trial unless the petitioners file remittiturs as ordered within 15 days of the date of this opinion.

The appeal of the petitioners is denied and dismissed, the order appealed from is affirmed, and the case is remitted to the Superior Court for a new trial unless the petitioners shall within 15 days of the date of this opinion file in the office of the Clerk of the Superior Court their remittiturs as ordered.

*Charles H. Anderson, John E. Graham, III,* for petitioners.

*W. Slater Allen, Jr.,* Assistant Attorney General, for respondent.