BURNS INTERNATIONAL SECURITY SERVICES, INC., a Delaware corporation, qualified to do business in the State of Hawaii, Plaintiff-Appellant, *v.* DEPARTMENT OF TRANSPORTATION, RYOKICHI HIGASHI-ONNA, in his capacity as Director of the Department of Transportation for the State of Hawaii; HAWAII BOARD OF PRIVATE DETECTIVES AND GUARDS; EDWARD A BERLIN, in his capacity as Chairman of the Hawaii Board of Private Detectives and Guards for the State of Hawaii; STEPHEN D. GOODENOW in his capacity as a Member of the Hawaii Board of Private Detectives and Guards for the State of Hawaii; JOSEPH CARVALHO, in his capacity as a Member of the Hawaii Board of Private Detectives and Guards for the State of Hawaii, and MICHAEL D. MACHADO, in his capacity as Executive Secretary of the Hawaii Board of Private Detectives and Guards for the State of Hawaii, Defendants-Appellees

NO. 9399

OCTOBER 21, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* This case is before this court on an agreed statement of facts pursuant to Hawaii Revised Statutes ("HRS") § 602-5(3) (1976) and Rule 21, Rules of the Supreme Court of the State of Hawaii. Plaintiff Burns International Security Services, Inc. ("BISSI"), a guard agency, seeks to have a guard service contract reinstated after it was revoked by defendant Department of Transportation ("DOT") for lack of a valid guard agency license. For reasons stated herein, we deny the relief sought by plaintiff.

Plaintiff's present corporate entity is the end product of a complex corporate reorganization which occurred between 1982 and 1983. In 1982 as it originally existed, Burns International Security Services, Inc. ("Original BISSI") had two distinct business divisions: a guard service division and a detective division with appropriate licenses issued by defendant Hawaii Board of Private Detectives and Guards ("Licensing Board"). On April 26, 1982, Borg-Warner Corporation ("Borg-Warner") entered into an agreement to acquire Original BISSI. To effectuate this acquisition, Borg-Warner formed two wholly-owned subsidiary corporations, BW Acquisition I, Inc. ("BWA-I") and BW Acquisition II, Inc. ("BWA-II"). BWA-I was the parent of BWA-II and Borg-Warner was the parent of BWA-I.

In the next stage of the plan, BWA-II merged with Original BISSI, with Original BISSI being the surviving corporation. Then, effective January 1, 1983, Original BISSI, by way of a partial liquidation distribution, transferred and assigned all of the businesses and assets of its guard service division to BWA-I. Original BISSI retained the detective division. On January

26, 1983 BWA-I changed its corporate name to BISSI who is now the present plaintiff in this suit, and Original BISSI changed its name to Burns International Investigative Service, Inc. (BIISI).

Prior to the merger and corporate reorganization, Original BISSI had a guard agency license, numbered GDA-00005, duly issued by the Licensing Board which did not expire until June 30, 1984.

On July 28 and September 16, 1982, Original BISSI informed the Licensing Board of its reorganization plan and requested advice on whether any action was required regarding the guard agency license. After a number of telephone conversations and correspondence, the Licensing Board decided that the newly reorganized BISSI needed to be licensed. Thereafter, on March 8, 1983 pursuant to the Licensing Board's decision, BISSI filed its application for a guard license.

On March 24, 1983, pursuant to a published notice for sealed proposals for furnishing airports security services, BISSI submitted to DOT a notice of intention to bid and represented that BISSI was a licensed guard agency under Original BISSI's license no. GDA-00005 and that Original BISSI had merged with Borg-Warner in June of 1982. BISSI did not disclose that it had only applied for a new guard license just two weeks before and that the Licensing Board had not yet rendered its new approval. On April 8, 1983 BISSI submitted a bid proposal to DOT, which ultimately awarded the bid to BISSI, the lowest bidder, on April 15, 1983.

On May 26, 1983, at the regularly scheduled board meeting, the Licensing Board issued a new guard agency license, numbered GDA-00108, to BISSI.

On June 22, 1983, after receiving reports of license irregularity, DOT notified BISSI that it intended to cancel the contract award because of BISSI's failure to have a valid license at the time it submitted its bid. Then on July 12, 1983 DOT revoked the award.

I.

The dispositive issue in this case is whether guard agency

license No. GDA-00005 was either assignable to or vested in BISSI under the corporate reorganization without the approval of the Licensing Board.

At the outset, we note that HRS §§ 463-5 and 463-7 (1976) prohibit a corporation without a valid guard agency license to represent itself or hold itself out as a guard agency. The DOT's specifications for the airport guard services contract also required a licensed guard agency. In order for BISSI's contract with DOT to be reinstated, we must find that BISSI was a duly licensed guard agency at the time it submitted the bid proposal.

### A.

A license is generally regarded as personal and may not be transferred by the licensee without the consent of the licensing authorities. 51 Am.Jur.2d *Licenses and Permits* § 3; 53 C.J.S. *Licenses* § 45. *See, e.g., In Re Braniff Airways, Inc.,* 700 F.2d 935 (5th Cir. 1983) (license to airport landing slots nontransferable without agency approval); *Padula v. Town Council of Town of West Greenwich,* 94 R.I. 196, 179 A.2d 334 (1962) (license to operate a junk yard non-transferable upon the sale of the junk yard); *Teachout v. Bogy,* 175 Cal. 481, 166 P. 319 (1917) (liquor license non-transferable upon the sale of the saloon). *Accord, Wisconsin Public Service Corp. v. Marathon County,* 75 Wis.2d 442, 249 N.W.2d 543 (1977); *Reith v. General Telephone Co. of Illinois,* 22 Ill.App.3d 337, 317 N.E.2d 369 (1974); *Hom Moon Jung v. Soo,* 64 Ariz. 216, 167 P.2d 929 (1946).

It is clear that the guard agency license held by Original BISSI is a personal privilege duly authorized by the Licensing Board to operate a guard agency, HRS §§ 463-3, 463-5, 463-7, and 463-8 (1976), and that lack of such license to engage in the business would be unlawful, HRS § 463-15 (1976). Furthermore, the Licensing Board is empowered to regulate the licensing of guards and guard agencies. HRS § 463-3 (1976). The regulations of the Licensing Board specifically provide that guard agency licenses shall be suspended upon either the termination of the principal guard from the agency or the termination of surety bond. §§ 16-97-6 and 16-97-7, Rules of the Board of Private Detectives and Guards (1981). The nature of such

provisions necessarily means that the license issued to Original BISSI is personal and, unless consent is obtained from the Licensing Board, is not transferable.

BISSI contends that an exception to the general rule that licenses are personal and are non-transferable should be made in this case since (1) the guard licensing statute does not prohibit transferability, (2) the principal guard was duly licensed throughout the period in question, and (3) the corporation laws provide for transferability. We disagree.

### B.

BISSI argues that since other Hawaii licensing statutes in HRS Title 25 (1976) expressly prohibit transfers (*See e.g.,* HRS § 452-15 (1976) (massage licenses); HRS 454-3(g) (1976) (mortgage broker licenses); and HRS § 458-6 (1976) (dispensing optician licenses)), the absence of such prohibition in the guard licensing statute, which should be read *in pari materia* with the other licensing statutes in HRS Title 25, permit the transfer of its guard license in the circumstances of this case. However, we conclude that the maxim *in pari materia* is not controlling here.

To allow the transfer of licenses would be in derogation of the common law on non-transferability of licenses and statutes which are in derogation of common law must be strictly construed. *State v. Taylor,* 49 Haw. 624, 628, 425 P.2d 1014, 1018 (1967); *Akai v. Lewis,* 37 Haw. 374, 379 (1946). Where it does not appear there was legislative purpose in superseding the common law, the common law will be followed. *State v. Taylor, supra,* 49 Haw. at 628-629, 425 P.2d at 1018. *See,* HRS § 1-1 (1976). Here, without express intent that the legislature had forsaken the common law rule of non-transferability of licenses, we decline to so hold. Furthermore, such a holding will have the ludicrous result that dentists, engineers and medical doctors licensed under HRS Title 25 may transfer their licenses to laymen. Such a result cannot be in accordance with the intent of the legislature.

## C.

BISSI further argues that since the principal guard was duly licensed throughout the relevant period and since it is the principal guard who gives life to a corporate guard agency, the relocation of the principal guard from Original BISSI to BISSI would fully vest the guard agency license, GDA-00005, in BISSI. This argument ignores the fact that Original BISSI and BISSI are two distinct corporate entities. Furthermore, the mere fact that the principal guard is duly licensed does not automatically confer a guard agency license upon BISSI. The agency must separately apply for its own licensure. *Bernard F. Hoste, Inc. v. Kortz,* 117 Mich.App. 448, 324 N.W.2d 46 (1982). By failing to obtain a valid license until May 26, 1982, BISSI could not operate as a validly licensed guard agency prior to that date.

## D.

BISSI relies on *In Re Private Detective License of Keibler,* 279 Pa.Super. 276, 420 A.2d 1331 (1980), for the principle that licenses of one corporation may be transferred to another. This reliance is misplaced. The Court in *Keibler* held that stocks in a detective agency can be freely transferred without affecting the license status of the agency. The court there did not reach the issue of whether the license of the agency can be transferred.

## II.

BISSI further contends that the license requirement may be waived by DOT. We hold that DOT has no authority to waive the mandatory requirement in the guard agency licensing statute which provides that a corporation must be licensed before it may hold itself out as a guard agency. HRS §§ 463-5 and 463-7 (1976). *The Hawaii Corp. vs. Kim,* 53 Haw. 659, 666, 500 P.2d 1165, 1169 (1972).

Finally, we are not persuaded by BISSI's arguments on the issues of *de facto* merger, estoppel and waiver.

Accordingly, the relief sought by BISSI is denied.

*Alan M. Oshima (Gerald A. Sumida* and *Crystal K. Rose*

with him on the briefs, *Carlsmith, Carlsmith, Wichman and Case,* of counsel) for plaintiff-appellant.

*Clifford K. Higa,* Deputy Attorney General, for defendants-appellees.