Stanley Appeal.

Argued March 19, 1964.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Henry N. Fineman,* with him *Morris Passon,* for appellant.

*Charles Jay Bogdanoff,* Assistant District Attorney, with him *Gordon Gelfond, Burton Satzberg,* and *Thomas M. Reed,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY FLOOD, J., June 11, 1964:

On November 7, 1961, William Stanley, the appellant, who has had a private detective's license since February 1950, was elected constable for the Forty-Fifth Ward of the City of Philadelphia. After duly qualifying as constable, he continued to conduct his business as private detective. The district attorney's petition to the court of quarter sessions for the revocation of his private detective's license was dismissed on June 28, 1962. In 1963 Stanley petitioned for the renewal of this license. This petition was granted but after reargument the court below suspended the license for as long as the appellant continued to hold the position of constable.

Under art. XII, §2, of the Constitution of Pennsylvania only the legislature, and not the court, can declare what offices are incompatible (*Commonwealth ex rel. Fox v. Swing,* 409 Pa. 241, 186 A. 2d 24 (1962)), and the appellant argues that constable and private detective have not been declared incompatible offices by the legislature. The defect in this argument is that a private detective is engaged in a business and does not hold an "office" within the meaning of the constitutional provision.

This constitutional grant of exclusive power to the legislature deals only with incompatibility between public offices. The title of art. XII is "Public Offi-

cers". The debates on §2 of this article by the constitutional convention of 1872 (Debates of the Convention to Amend the Constitution of Pennsylvania, vol. VII (1873)) make reference only to incompatibility between public offices. The language of the cases involving this article (*Commonwealth ex rel. Schermer v. Franek,* 311 Pa. 341, 166 A. 878 (1933) and *Commonwealth ex rel. Fox v. Swing,* supra) and art. XIV, §3, as to local officers (*Commonwealth ex rel. Adams v. Holleran,* 350 Pa. 461, 39 A. 2d 612 (1944)), clearly indicate that these provisions are applicable only to public offices.

A public officer is "chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury . . . ." *Commonwealth ex rel. Foreman v. Hampson,* 393 Pa. 467, 473, 143 A. 2d 369, 372 (1958). The business of private detective, even though licensed and regulated by the Commonwealth, is not a public office within this definition.

There is nothing in any of our statutes making a private detective an office-holder. The act now governing the business of private detective is the Act of August 21, 1953, P. L. 1273, 22 PS §11 et seq. "Private detective business" is defined in §2(a) of the act (22 PS §12(a)) to mean "the business of private detective, private detective business, the business of investigator, or the business of watch, guard, or patrol agency." Section 3(a) of the act (22 PS §13(a)) provides: "No person, partnership, association or corporation shall engage in the business of private detective . . . without having first obtained a license so to do . . . ." Since a private detective's license may be obtained by an association or a corporation, a private detective cannot be said to be a holder of a public office.

It is to be noted that there is no attack in this case upon appellant's right to the position of constable. This could normally be challenged only by quo warranto. *Mayer v. Hemphill,* 411 Pa. 1, 190 A. 2d 444 (1963). What is being attacked is the right of a constable to carry on the business of private detective. Under §6(a) of The Private Detective Act of 1953, supra (22 PS §16(a)), the court of quarter sessions has power to revoke a private detective's license for cause shown.

The court below properly held that, as a matter of public policy, it is incompatible for one vested with the authority of a constable to carry on the business of private detective. The reasons for this conclusion cogently appear in the opinion of the hearing judge and we need not repeat his reasoning in detail.

A constable's authority to execute warrants of arrest, to arrest on sight for breach of the peace, vagrancy and drunkenness, to carry a deadly weapon concealed upon his person and to be present at the polling places in order to keep the peace is not conferred upon private citizens, including private detectives. To give these powers, conferred upon a duly elected constable for the benefit of the public, to a person licensed to act for the private persons, creates the distinct possibility of grave abuses. The public policy against allowing one clothed with such extraordinary authority to act as a private detective for private employers seems obvious. Therefore, the action of the court below in suspending his license during the time when he holds this authority is proper.

The earlier actions of the court in refusing to revoke his license and granting him a new license give him no vested right to the office and create no estoppel against the court to do in the proceedings below what should have been done earlier.

Order affirmed.

DISSENTING OPINION BY WATKINS, J.:

I respectfully dissent. It is quite true that a private detective is engaged in a business and does not hold an "office" within the meaning of the constitution; but it is an unusual business in that it is a creature of the legislature born by virtue of The Private Detective Act of 1953, August 21, 1953, P. L. 1273, 22 PS §11. I believe that when the legislature created this form of business it was its intention to control it by keeping exclusive jurisdiction of its regulation.

The legislature quite clearly indicated this intention by providing, inter alia, that it "shall not be deemed to include persons engaged in the business of investigators for or adjusters for insurance companies, nor persons in the exclusive employment of common carriers subject to regulation by the Interstate Commerce Commission or the Public Utility Commission of the Commonwealth of Pennsylvania, or investigators in the employment of credit bureaus." It further set out very carefully the required qualifications before the court of quarter sessions could issue such a license. At no place in the act is there any restriction placed upon the application on one holding the office of constable to seek a license for such a business nor is there anything in the law and its amendments creating the office of constable that forbids a constable from acting as a private detective.

The intent of the legislature to keep control of the regulation of its creature is clearly indicated in the language of §6 of the act, 22 PS §16, where it says that if the applicant complies with the requirements of the act, ". . . the court of quarter sessions shall issue and deliver . . . a certificate of license to conduct such business, . . .". President Judge HENNINGER of the Court of Quarter Sessions of Lehigh County in *Gardner Application,* 6 Pa. D. & C. 2d 742, made the following comment which bears on the present issue:

"The act has all the vices of an act passed to entrench a certain group of people in their profession and to make it difficult for others to break through the barriers, but it does express the will of the General Assembly and must be interpreted to carry out its expressed purpose."

"In the same manner in which, as an incident of its sovereign power to create offices, the General Assembly may prescribe the rules of eligibility for an office, it may also prescribe that which will disqualify one from holding office." 30 P.L.E. §22. Under the decision of the majority in this case a constable now acting under a license as a private detective, and there are many of such, is disqualified from holding that office unless he gives up his private detective license.

In effect, the Court has usurped the function of the legislature by disqualifying a constable from holding that office while licensed as a private detective. There is nothing in the law creating the office of constable and the qualifications for that office that forbids a constable from applying for a license and serving as a private detective.

The majority bases its decision on the ground of public policy. The legislature also weighs the problem of public policy and it specifically provided that a policeman can also serve as a constable and may demand and receive all costs, fees and emoluments pertaining to such office. 1947, P. L. 1621, §36, 53 PS §46129. It may well be argued that this dual capacity may be against public policy but the legislature that has the power to determine qualifications of the office it created thought otherwise. Persons holding simultaneously dual compatible offices or, as in this case, act as an officer and a licensee might, as the court below said, take advantage of the dual character of his activities to the disadvantage of the public. This may also be true of the actions of a constable serving only

in that office or a private detective serving only in that capacity but he can be properly called to accounting under the law. There was no evidence in this case that the appellant abused the power of his dual capacity nor was such abuse alleged. I agree with counsel for the appellant that all this is conjectural and "you can't guess a man into wrongdoing and punish him for it in anticipation."

On June 28, 1962, Judge GERALD GLEESON of the Quarter Sessions Court had dismissed a similar petition of the district attorney stating, "The theory of the district attorney's petition and rule to show cause is that a license to conduct a 'Private detective business' and the office of constable cannot be held by the same person because of basic incompatibility between the two. We do not share the district attorney's view and find no provision in the statutes against a constable holding a license to conduct a 'Private detective business' or vice versa. An individual who acts in both capacities must exercise great care in his conduct and not get the two capacities mixed. For example, when conducting an investigation as a private detective he shall not exhibit a fire-arm, his constable's badge, serve warrants or act in any capacity as a constable. To use the vernacular, when he is acting as a private detective he shall not 'throw his weight around' as a constable."

When Judge GLEESON so decided and dismissed the petition he was speaking for the court and the law of the case for that judicial district was then decided. Judge SPORKIN, under such circumstances, should not have entertained the second petition. We have enough problems in the legal disagreements that result in appeals to the proper appellate bodies without having judges of coordinate jurisdiction reversing each other. A judge of the same court, except in the most compelling circumstances, should not overrule the decision of a colleague on the same court when based on the

same set of facts. *Fried for Use of Berger Supply Co. v. Feola*, 129 F. Supp. 699; *TCF Film Corp. v. Gourley*, 240 F. 2d 711; *U. S. v. Skurla*, 126 F. Supp. 713. As Judge WOODSIDE pointed out in *Schmid Motor Veh. Op. Lic. Case*, 196 Pa. Superior Ct. 120, 173 A. 2d 758 (1961): "When Judge FORREST'S attention was called to a similar case in which another judge of his court, less than a month before, had reversed the order of suspension made by the secretary, he properly concluded that the law of his judicial district had been established, and that it was his duty to follow it."

WRIGHT, J., joins in this dissent.