## Robinson License

*James P. Gannon,* for applicants.
*William J. Davies,* Assistant District Attorney, contra.

PRESCOTT, *J.,* June 16, 1976—The matter before this court is an application for a private detec-

tive's license under The Private Detective Act of August 21, 1953, P.L. 1273, as amended, 22 P.S. §11, et seq. Said application has been filed by a partnership composed of two individuals, Richard F. Robinson and Paul J. Coleman. The issue raised by said application is whether a private detective's license should be granted to a partnership when one of the partners is at present employed as the Superintendent of Police, Darby Borough, Delaware County, Pa.

On January 30, 1976, a partnership was formed between Richard F. Robinson and Paul J. Coleman for the purpose of engaging in business as independent adjusters, investigators and private detectives. On February 17, 1976, the partnership filed an application for a private detective's license pursuant to the above statute. In the application, one of the partners, Paul J. Coleman, set forth that he was presently employed as the Superintendent of Police for the Borough of Darby. If a private detective's license were granted to the partnership, Coleman did not intend to resign or retire from his position as Superintendent of Police, but he would continue in said position for an indefinite period of time. Therefore, if a license were granted to this partnership, one of the partners would be a full-time police superintendent.

Admittedly, the applicants before us are beyond reproach with regard to their character. It is also a fact that but for Coleman's credentials as a police officer, the partnership would not be entitled to a license, because Robinson lacks the qualifications prescribed by the act. See 22 P.S. §14(a), which requires that at least one member of the partnership must have been employed as a police officer, sheriff, etc. Robinson lacks experience as an of-

ficer, sheriff or any other position necessary as a qualification.

The sole reservation this court has with regard to the granting of a private detective's license to this applicant partnership is the potential conflict of interest which may arise where a police superintendent and a private detective are one and the same person.

Because of his position as a superintendent, Coleman would have access to records not ordinarily available to a private detective. The influence which can be exerted by a police superintendent in opening various doors leading to certain information differs vastly in comparison to the avenues available to a private detective to accumulate the same information. The potential sources of a conflict of interest are infinite. This court strongly emphasizes that the applicants before us are not viewed as persons prone to such conduct; however, the danger of abuse must be avoided so as to eliminate not only any possible conflict, but the appearance of a conflict of interest.

The propriety of merging the positions of a private detective and a law enforcement officer in one individual has been considered by the courts of this Commonwealth on several occasions. In each instance, the merger in question was found to be incompatible because of the *potential* conflict of interest created.

In a case analogous to the case at hand, Stanley Appeal, 204 Pa. Superior Ct. 29, 201 A. 2d 287 (1964), our Superior Court stated:

"[A]s a matter of public policy, it is incompatible for one vested with the authority of a constable to carry on the business of private detective.

"A constable's authority to execute warrants of

arrest, to arrest on sight for breach of the peace, vagrancy and drunkenness, to carry a deadly weapon concealed upon his person and to be present at the polling places in order to keep the peace is not conferred upon private citizens, including private detectives. *To give these powers, conferred upon a* duly elected *constable for the benefit of the public, to a person licensed to act for the private persons, creates the distinct possibility of grave abuses. The public policy against allowing one clothed with such extraordinary authority to act as a private detective for private employers seems obvious.* Therefore, the action of the court below in suspending his license *during the time when he holds this authority is proper."* (Emphasis supplied.)

In the case of In re Licensed Detectives, 60 D. & C. 544 (1947), the Quarter Sessions Court of Berks County held:

"It is well settled that private detectives are not public officers . . . They are not police officers and have none of the rights possessed by police officers that are not likewise possessed by private citizens of this Commonwealth.

". . .

"Insofar as wearing uniforms is concerned we are not to be understood as favoring such practice. If, however, the wearing of uniforms is deemed necessary to properly carry out the services proposed to be offered to the public, *such uniforms should not in any respect be similar to those worn by any recognized public police force. Badges or insignia similar to that of public policemen should never be worn."* (Emphasis supplied.)

Of similar import to Stanley and In re Licensed

Detectives, supra, is the case of Niehoff License, 9 D. & C. 2d 410 (1956), wherein the court again emphasized the importance of maintaining a clear distinction between police officers and private detectives and the powers which attend each position.

This court is persuaded by the above authorities that a private detective's license should not be issued to an applicant partnership where one of the partners is actively engaged in police work.

Therefore, we enter the following

## ORDER

And now, June 15, 1976, upon review of the record before this court, and after consideration of argument submitted by counsel before this court en banc, it is hereby ordered and decreed that the application for a private detective's license by applicants, Richard F. Robinson and Paul J. Coleman, a partnership, be and the same is hereby refused.