396 A.2d 797

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Irwin Neil GREGG.**

**In re Petition of Thomas Naughton.**

**Appeal of COMMONWEALTH.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1978.

Decided Jan. 19, 1979.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Charles S. Lieberman, Philadelphia, for appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

CERCONE, Judge:

Appellant, the Commonwealth of Pennsylvania, raises only one issue in this appeal. The Commonwealth contends that the lower court erred in granting licenses to be private detectives to the two appellees, who are currently employed by the Court of Common Pleas of Philadelphia County as probation officers.[1] The Commonwealth argues that licensing appellees as private detectives contravenes public policy in view of the grave potential for conflict of interest. We agree and order that appellees' private detective licenses be revoked and that they not be granted licenses as long as they continue to work as probation officers.

1. The law governing the licensing of private detectives can be found at 22 P.S. § 11 et seq. (1955) and 22 P.S. § 14 (Supp. 1977).

When it granted appellees their licenses, the lower court was aware of the fact that appellees were employed as probation officers; however, the lower court did not feel such employment would conflict with private detective work. In support of its decision, the lower court distinguished our opinion in *Stanley Appeal*, 204 Pa.Super. 29, 201 A.2d 287 (1964). The trial court in *Stanley* suspended the private detective license of an individual who was elected to be a constable. This Court sustained the trial court, saying in part:

> "A constable's authority to execute warrants of arrest, to arrest on sight for breach of the peace, vagrancy and drunkenness, to carry a deadly weapon concealed upon his person and to be present at the polling places in order to keep the peace, is not conferred upon private citizens, including private detectives. To give these powers, conferred upon a duly elected constable for the benefit of the public, to a person licensed to act for [sic] private persons, creates the distinct possibility of grave abuses. The public policy against allowing one clothed with such extraordinary authority to act as a private detective for private employers seems obvious." *Stanley Appeal*, 204 Pa.Super. at 32, 201 A.2d at 289.

The lower court construed the *Stanley* case to apply solely to constables and said that since probation officers do not have authority identical to that of the constable in *Stanley*, the *Stanley* rationale doesn't apply.

In *Stanley* we listed the obvious areas of conflict present in that case, but did not intend that to be a comprehensive list nor did we mandate that only persons who fall within the precise parameters of *Stanley* would be denied private detective licenses. On the contrary, our concern was that persons holding public office and given extraordinary authority for the benefit of the public might use that authority specifically for the benefit of private persons. Though the authority of a probation officer is not identical to that of a constable, probation officers are vested with powers not allowed private persons. The legislature has delineated the authority of probation officers as follows:

"Probation officers . . . are hereby declared to be peace officers, and shall have police powers and authority throughout the Commonwealth to arrest with or without warrant, writ, rule or process, any person on probation or parole under the supervision of said court for fail[ure] to report as required by the terms of his probation or parole or for any other violation of his probation or parole." The Act of August 6, 1963, P.L. 521, § 1, 19 P.S. § 1091. Lay persons, including private detectives, have no such police powers.[2]

In addition to their statutorily granted powers, probation officers have been permitted to request and examine police records. This fact was testified to before the lower court by Officer Michael Nangle. Officer Nangle at the time of the hearing was assigned to the Criminal Record Division of the Philadelphia Police Department. Officer Nangle testified that in that capacity he is authorized to issue records and extracts to the proper authorities, which include probation officers, together with national, state or city governments and law enforcement agencies. Private citizens, however, are not privy to such information. Officer Nangle stated that if a probation officer wishes to examine a police file on somebody that probation officer must first show his credentials proving that he is a probation officer. However, according to Officer Nangle, there is no procedure used to ascertain whether the record requested by the probation officer pertains to a probationer who is assigned to that probation officer. In other words, a probation officer could conceivably examine the police records of any individual. If that probation officer is also a private detective, the potential for abuse of the probation officer's special privilege becomes apparent.[3] Private detectives are not public offi-

**2.** A lay person, i. e., a person lacking police powers, can only effectuate an arrest when the citizen personally observes a felony. *Commonwealth v. Chermansky,* 430 Pa. 170, 242 A.2d 237 (1968); *Commonwealth ex rel. Garrison v. Burke,* 378 Pa. 344, 106 A.2d 239 (1954).

**3.** In *Robinson License,* 75 Pa.D. & C.2d 476, 478 (1976), the court was asked to grant a private detective license to a person who worked as

cers, *Commonwealth v. Quinn,* 144 Pa.Super. 400, 19 A.2d 526 (1941),[4] and so private detectives are not entrusted with any of the special authority held by various public officers. Yet a private detective who continues in the post of a probation officer would have the legally vested authority, by virtue of his public office, to arrest probation violators, with or without a warrant, which is comparable to the situation disapproved of by this court in *Stanley Appeal,* supra. Furthermore, such a private detective would be in a position to investigate any person's criminal record, a privilege not enjoyed by all other private detectives.[5] *See, Robinson License,* 75 Pa.D. & C.2d 476 (1976); *Anderson License,* 80 Pa.D. & C. 555 (1952). For this reason, we hold that appellees should not be granted private detective licenses as long as they continue to work as probation officers.[6]

a police superintendent. The court denied the license, saying: "[The applicant] would have access to records not ordinarily available to a private detective. . . . [T]he danger of abuse must be avoided so as to eliminate not only any possible conflict, but the appearance of a conflict of interest."

The court was confronted with a similar case in *Anderson License,* 80 Pa.D. & C. 555 (1952). *Anderson License* was decided under an earlier version of the private detective licensing law. Nevertheless, the following language still has viability:

"[I]t is against public policy to continue a private detective license in one who has obtained official standing as a public officer. Such duality permits access to places, records and information which ordinarily would be closed to a private investigator, and therefore gives to such investigator an advantage which he ought not to have. . . . [T]o continue a license in one who has such rights because of official position would be to create a hybrid, semi-official detective such as is not countenanced by any law known to us." *Id.* at 556.

4. Though *Commonwealth v. Quinn* was decided under an older version of the private detective law, the above holding is still valid under the present state of the law.

5. Under the Private Detective Act of 1953, private detectives may, among other things, investigate the character and reputation of a person and the credibility of a witness. The Act of August 21, 1953, P.L. 1273, § 2, 22 P.S. § 12.

6. Like the court in *Anderson License,* 80 Pa.D. & C. at 556, our decision does not mean that we find the applicants to be lacking in integrity. Rather, we revoke appellees' private detective licenses on public policy grounds. Where public officials are involved, even the

Accordingly, the order of the court below is hereby reversed.

appearance of a conflict of interest should be avoided. *Robinson License,* 75 Pa.D. & C.2d at 478.