420 A.2d 1331

In re PRIVATE DETECTIVE LICENSE OF KEIBLER DETECTIVE AGENCY, INC., a Pennsylvania Corporation.

Appeal of KEIBLER DETECTIVE AGENCY, INC., a Pennsylvania Corporation.

Superior Court of Pennsylvania.

Submitted April 11, 1979.

Filed June 13, 1980.

Lawrence G. Zurawsky, Pittsburgh, for appellant.

Albert M. Nichols, Greensburg, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, the Keibler Detective Agency, Inc. [hereinafter Keibler], takes this appeal from the lower court's denial of its motion to approve successor officers filed pursuant to the provisions of the Private Detective Act of 1953 [1] [hereinafter called the Act]. Keibler argues that the lower court exceeded its authority under the Act when it denied said Keibler's motion because the court disapproved of the purchase by Youngwood Electric Metals, Inc. of Keibler's Detective Agency. We agree with Keibler's argument, and reverse and remand.

Keibler is a Pennsylvania corporation that was originated by its namesake, Paul M. Keibler sometime in 1974. Prior to incorporation, Mr. Keibler as an individual was licensed as a private detective on October 20, 1970 and thereafter maintained such a license for approximately four years, operating under the name of the Keibler Detective Agency. Sometime in 1974, Mr. Keibler incorporated the agency and on March 21, 1975 a private detective license was approved by the court for Keibler Detective Agency, Inc. Owing to ill

---

1. 22 P.S. § 14(b) (1955). The subsection of the Private Detective Act provides in relevant part,

"In the event of the death, resignation or removal of such officer, due notice of that fact shall forthwith be given in writing to the court ..., together with a copy of the minutes of any meeting of the board of directors of said corporation, certified by the secretary, indicating the death, resignation or removal of such officer, and the election or designation of the successor of such deceased, resigned or removed officer."

health, Mr. Keibler, as president of the corporation, limited his role to that of a supervisor, and turned the daily business responsibilities over to James J. Fleming. On March 23, 1978, Mr. Keibler sold all of the outstanding common stock in the detective agency to Youngwood Electronic Metals, Inc. [hereinafter Youngwood]. Youngwood intended to continue the operation of the former Keibler corporation as its wholly–owned subsidiary. In conjunction with this sale, Mr. Keibler resigned as president of the agency and new officers were elected. James J. Fleming, Mr. Keibler's former employee, was elected treasurer of the detective agency. The officers of president and secretary were to be filled by Mr. Thomas G. Dvorcak. Accordingly, on April 21, 1978, Keibler filed a motion to approve successor officers.[2] Following a hearing, the lower court denied Keibler's petition, listing two reasons in support of its ruling. Primarily, the court was of the opinion that the Private Detective Act effectively forbids such a transfer of ownership since the Act does not *provide* for such a transfer. The lower court reasoned that since a private detective has what the lower court terms as a close and confidential relationship with his client, then it would be deceptive to the public to allow other individuals or another corporation, such as Youngwood, to continue to operate the Keibler Agency after its founder, Paul Keibler, has sold his interest. Additionally, the lower court said that it had some doubt as to whether a private detective agency could be a subsidiary corporation of Youngwood.

We first address the question of whether the Private Detective Act forbids a sale of all of the stock in an incorporated detective agency, and therefore, whether the Act forbids a transfer of ownership of such an agency. The Act generally provides, "No person, partnership, association or corporation should engage in the business of private detective . . . without having first obtained a license so to do as hereafter provided."[3] Regarding the actual application for a license, the Act states,

**2.** 22 P.S. § 14(b) (1955).

**3.** 22 P.S. § 13(a) (1955).

"Any person, partnership, association, or corporation, intending to conduct a private detective business . . . , or the business of a detective agency . . . , or intending to own, conduct, manage or maintain a bureau or agency . . . or, *while engaged in any other lawful business activities* also intending to engage in any one or more of the activities [of a private detective] . . . , shall, for each such bureau or agency, and for each and every subagency, office and branch office to be owned, conducted, managed or maintained by such person, partnership, association or corporation for the conduct of such business, file . . . a written application [for a license]." [4]

The Act further provides,

"Every such applicant shall establish, to the satisfaction of the court . . . , that such applicant if he be a person, or, in the case of a partnership, association, or corporation, at least one member of such partnership, association, or corporation, has been regularly employed as a detective . . . for a period of not less than three years." [5]

When the applicant is a corporation, the Act further requires the president, secretary and treasurer of the corporation to sign and verify the application.[6] The Act exempts certain types of investigative agencies from the licensing requirements [7] and flatly denies such a license to the holder of an employment agency license.[8] Additionally, for public policy reasons, the courts have held that a person may not be granted a private detective license if, simultaneously with

4. 22 P.S. § 14 (Supp.1979) (Emphasis added).

5. 22 P.S. § 14(a) (1955).

6. 22 P.S. § 14(b) (1955). This subsection also requires that a corporate applicant include on its application "the amount of the corporation's outstanding paid up capital stock and whether paid in cash or property, and, if in property, the nature of the same, and shall be accompanied by a duly certified copy of its certificate of incorporation."

7. 22 P.S. § 13(b) (1955). Basically, this exemption covers credit agencies and similar businesses.

8. 22 P.S. § 16(d) (1955).

using that license he would also be employed as a public official with police powers. *Commonwealth v. Gregg*, 262 Pa.Super. 364, 396 A.2d 797 (1979).

In the instant case, the hearing court read into the Detective Act a restriction against changes in ownership of the stock of a detective agency corporation. We find this to be error. As the preceding excerpts from the Act indicate, all that is required of a corporation to be eligible for a private detective's license is for *one* member of that corporation to satisfy the statutory requirements for a private detective. The Act is completely silent with regard to the sale of stock. Restrictions on the sale of stock are regulated by the Pennsylvania law of corporations, which requires that any such restrictions be in writing and noted conspicuously on the face of the stock certificate or security.[9] The Private Detective Act does not purport to change or modify this aspect of Pennsylvania's corporate law as it might pertain to an incorporated detective agency.

On the other hand, the Private Detective Agency Act specifically allows a corporation to obtain a license. To quote from the Act, "Any . . . corporation . . . intending to *own, conduct, manage* or *maintain* a bureau or agency . . . shall, for each bureau or agency . . . file a written application." [10] Additionally, the Act foresees that there may be a change in the officers of the corporation, and the Act gives no indication that such a change is cause to revoke a license [11] or to deny an application for a renewal of a license.[12] A court does not have the power to create additional authority in a statute if the words therein are clear and free from all ambiguity. *Commonwealth v. Aljia Dumas Private Detective Agency, Inc.*, 246 Pa.Super. 140, 369

9. 15 P.S. § 1613.1(A) (Supp.1979).

10. 22 P.S. § 14 (Supp.1979) (Emphasis added).

11. A detective license is revocable by the court but only "for cause shown." 22 P.S. § 16(a) (1955).

12. 22 P.S. § 21 (1955).

A.2d 850 (1977). See also, 1 Pa.C.S. § 1921(b) (Supp.1979).[13] In the present case, where the Act in question, the Private Detective Act, makes no mention of the ownership or sale of stock in an incorporated detective agency and makes no pretext of changing Pennsylvania's corporation law regarding stock ownership and sales, we conclude that the lower court erred by reading into the Act a restriction against the sale of stock.

Furthermore, to label it a "deceptive practice" for the Keibler Detective Corporation to keep its name after its founder, Paul Keibler, has sold his interest is erroneous. "The corporate name, being essential to the corporate existence, endures as long as the corporation itself, unless changed ...." [14] Furthermore, "[w]hen a corporation thus acquires a name ..., it becomes entitled to own and use such name. So in the absence of proof of unfair competition or restriction by agreement, a corporation generally has a continuing right to the use of a name which it has lawfully acquired." [15] The law provides that a new corporation may not select a name which is deceptively similar to that of an existing corporation,[16] but the law does not prohibit the continued use of a corporate name simply because its namesake is no longer a stockholder or an employee.[17] The possibility that some potential clients of the agency may believe that Paul Keibler is still president of the corporation

13. This section, 1 Pa.C.S. § 1921(b) (Supp.1979), reads, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

14. 6 Fletcher Cyclopedia Corporations § 2415 (1979). (footnotes omitted)

15. *Id.* (footnotes omitted)

16. 19 Pa.Code §§ 17.1, 17.3 (1979).

17. "A statute which prohibits a person, conducting business in the state from assuming or continuing to use in his business the name of a person formerly connected with him in partnership, or the name of any other person without his consent, does not entitle a plaintiff to enjoin the use of his name by a corporation, where the corporation was formed with his knowledge and consent and under his direction and he approved the selection of its name." *Id.* at § 2428.

is an issue which is irrelevant if upon hearing by Common Pleas Court the application of Youngwood is approved on grounds required by the Act.

■  In equal measure, neither does the Private Detective Act purport to change the law respecting holding companies. Holding companies are defined by law as being any corporation which owns fifty per cent or more of the stock of another corporation.[18]  Statutory law allows "any corporation, created by general or special laws [to] purchase, hold, sell, assign, transfer, pledge, mortgage, or otherwise dispose of, the shares of the capital stock of . . . any other corporation . . ."[19]  The lower court was of the opinion that a holding company could not own stock in a private detective corporation.  The lower court cites no authority for this conclusion, nor were we able to find any support for such an interpretation.  The Act of 1953 does not compel such a ban and, indeed, the lower court's ruling is contrary to the statutory law of corporations in Pennsylvania.  Therefore, we reject the lower court's decision.

The hearing court's denial of appellant's motion to approve successor officers was not based upon a dissatisfaction with Mr. Fleming's qualifications but upon the fact that Mr. Keibler would no longer be associated with appellant corporation.  We have closely read the Private Detective Act and we have concluded that this latter factor is not decisive in the granting or refusal of a motion to approve successor officers.  Accordingly, we rule that the lower court acted without authority in denying appellant's motion to approve

18.  15 P.S. § 801 (1967).

19.  15 P.S. § 110 (1967) This statute reads:
"Hereafter any corporation, created by general or special laws may purchase, hold, sell, assign, transfer, mortgage, pledge, or otherwise dispose of the shares of the capital stock of, or any bonds, securities or evidence of indebtedness created by, any other corporation or corporations, public or private, of this or any other State of the United States of America, or of any territory or dependency thereof, or of any foreign country or any subdivision or agency thereof, and while the owner of said stock may exercise all the rights, powers and privileges of ownership, including the right to vote thereon."

successor officers for the reasons that it did. We, therefore, reverse and remand so that the lower court might rule on the qualifications of James J. Fleming, as an officer and member of the Keibler Detective Agency, Inc., as required under the Private Detective Act of 1953.

Reversed and remanded.

WIEAND, J., did not participate in the decision or consideration of this case.