## Commonwealth v. Yearick

*Dean N. Livermore*, for Commonwealth.
*T. Max Hall*, for defendant.

RAUP, *J.*, February 17, 1981—This opinion is rendered in support of the order of this court dated February 17, 1981.

We address defendant's motion to dismiss certain counts of a 106 count information filed on June 18, 1980. Six of the counts were dismissed at the time of the preliminary hearing. The information on each of the remaining 100 counts alleges the offenses were committed while defendant was a public officer or employee, and in a fiduciary position in the course of his employment as Executive Director of Jersey Shore Hospital. Defendant requests dismissal of counts 1 through 25, 27 and 28,

30 and 31, 33 through 40 and 42 through 53, as being barred by the statute of limitations. It is defendant's contention that he was neither a public officer or employee, nor was fraud or breach of fiduciary obligation a material element of these offenses, for the purposes of extending the statute of limitations for criminal actions under 42 Pa.C.S.A. §5552(a) and (c).

The pertinent portions of the statute of limitations with which we are concerned, follow:

§5552(a) General Rule. Except as otherwise provided in this subchapter, a prosecution for an offense other than murder, must be commenced within two years after it is committed.

(c) Exceptions—If the period prescribed in subsection (a) or subsection (b) has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who himself not a party to the offense but in no case shall this period extend the period of limitation otherwise applicable by more than three years.

(2) Any offense committed by a public officer or employee in the course of or in connection with his office or employment at any time when the defendant is in public office or employment or within five years thereafter but in no case shall this paragraph extend the period of limitation otherwise applicable by more than eight years." 42 Pa.C.S.A. §5552.

An evidentiary hearing on the motion for dismissal was held on January 8, 1981, at which time testimony concerning, inter alia, the duties and powers of the Executive Director, the make-up of

the management of the hospital and its governing body and sources of revenue was presented by Thomas S. Lawton, the present Executive Director of Jersey Shore State Hospital. Barbara Probst, the hospital's controller testified as to the hospital's financial structure and sources of revenue.

Initially, the issue to be resolved is whether defendant in his capacity as executive director of the Jersey Shore Hospital was a public officer or employee during the periods that the alleged crimes were committed. No statutory definition of public officers or employees appears in the Crimes Code, nor have we found any cases defining the parameter of these terms in the context of extending the statute of limitations in criminal prosecutions. Standards for determining whether certain positions can be characterized as being those of public officers or employees however do appear in a number of civil and criminal cases.

On the civil side, definitions have evolved in cases concerning the granting of immunity from suit by virtue of holding certain public offices, applicability of residency requirements, and qualification for certain types of job-related benefits. See Reese v. Danforth, 486 Pa. 479, 406 A. 2d 735 (1979); Foreman v. Hampson, 393 Pa. 467, 143 A. 2d 369 (1958); Vega v. Borough of Burgettstown, 304 Pa. 406, 147 A. 2d 620 (1959); Snyderwin v. Craley, 434 Pa. 349, 254 A. 2d 16, 19; In re Stanley, 204 Pa. Super. 29, 201 A. 2d 287, 288 (1964).

In one of the more recent cases the court found as follows:

"The question of whether an individual is a public officer must be determined by a consideration of the nature of the service to be performed by the

incumbent, and the duties imposed upon him. Whenever it appears that the duties are of a grave and important character involving in the proper performance of them some of the functions of government, the officer charged with them is clearly to be regarded as a public one . . . Other elements in the problem are whether the duties are designated by statute, whether the incumbent serves for a fixed period, acts under oath, gives a bond, and the source or character of the compensation received."

Reese v. Danforth, 486 Pa. 479, 406 A. 2d 735 (1979); see also Richie v. Philadelphia, 225 Pa. 511, 515, 74 A. 430 (1909); Finley v. McNair, 317 Pa. 278, 281, 176 A. 10, 11 (1935).

With respect to criminal cases, the Superior Court in Com. v. Miller, 94 Pa. Super. 499, 505 (1928), considering a prosecution for malfeasance in office held:

"In determining whether or not one is to be regarded as a public officer, there are certain criteria which have been established, both upon reason and authority, and applied as tests in the decided cases. The characteristics of a public office are tenure, duration, fees or emoluments and power, as well as duty. All these taken together constitute an office, but it is not necessary that an office should have all of these characteristics, although it must possess more than one of them, and the mere fact that it concerns the public will not constitute it an office."

The Miller court then cited the definition of public officer found in the Richie case, supra, the material portion of which in turn is cited in the above quoted section of Reese v. Danforth, supra. See also Com. v. Butler, 110 Pitt. L.J. 457 (1962).

Applying the foregoing criteria to the present case, it does not appear from the testimony pre-

sented at the evidentiary hearing that defendant falls within the characterization of public official or employee for the purposes of extending the time limitations for prosecution under Pa.C.S.A. §5552(c)(2).

Mr. Lawton's testimony reveals that the Jersey Shore Hospital is not administered by the state on a day to day basis, the executive director takes no oath of office, he is not bonded per se although he is covered by the same bond covering the hospital; he serves at the will of the board of a nonprofit corporation and not the public; no fixed or specific tenure of office exists for the position; his salary originates from the general operating fund of the hospital and not from the treasury of any governmental unit.

The Commonwealth proposes a novel argument involving the concept of "state action" or "nexus between the state and the challenged action of the regulated agency," as bringing the Jersey Shore State Hospital into the realm of a public or quasi public employer. As such, the Commonwealth argues, the executive director would then become a public or quasi public officer or employee. Supporting this theory the Commonwealth points to the hospital's receipt of "Hill-Burton" funds for construction, the receipt of medicare, medicade and medical assistance funds and licensing requirements by the state. Our State Supreme Court in dictum, in Adler v. Montefiore Hospital Association of Wester, Pa., 435 Pa. 60, 311 A. 2d 634 (1974) approved of the Hill-Burton receipt test as constituting state action. However, in the much more recent case of Miller v. Indiana Hospital, 277 Pa. Super. 370, 419 A. 2d 1191, 1195 (1980) the Superior Court disputed the dictum in Adler, supra.

"The Court (In Adler) relied upon a series of cases from the Fourth circuit Court of Appeals and one

case from the Eastern District of Pennsylvania in formulating the second test of state action (receipt of Hill-Burton funds) . . . Subsequently, however, in declining to apply the second test, the Third circuit Court of Appeals has noted that 'the majority of circuits have held *the receipt of Hill-Burton Funds, Medicare and Medicade payments and the usual hospital licensing provisions do not constitute state action* . . . We therefore conclude that if presented with the issue today, our Supreme Court would not apply the second test of state action articulated in Adler. The Federal Courts look to the specific facts and circumstances of each case in order to determine whether the state is so involved in the affairs of the hospital as to render the action of the hospital, that of the state, *Miller v. Indiana Hospital*, supra."

See also Jackson v. Met. Ed. Co., 95 S. Ct. 449 (1974); Hoberman v. Lock Haven Hospital, 377 F. Supp. 1178 (M.D. Pa. 1974); OZLU v. Lock Haven State Hospital, 369 F. Supp. 285 (M.D. Pa. 1974).

To sustain its argument, then, the Commonwealth must show that the state has so far insinuated itself into a position of interdependence with Jersey Shore Hospital that it must be recognized as a joint participant in the challenged activity. See Braden v. University of Pittsburgh, 477 F. 2d 1 (C.A. 3 1973); Costa v. Tyrone Hospital, 410 F. Supp. 1275 (1976). From the testimony presented at the hearing, it does not appear that Jersey Shore Hospital is so interdependent with the Commonwealth that its activities would fall under the "State Action" concept. Accordingly, we find that the position of executive director held by defendant during the commission of the alleged offenses was not one constituting a public officer or employee for

the purpose of extending the statute of limitations under 42 Pa.C.S.A. §5552(c)(2).

The remaining provision extending the statute of limitations, 42 Pa.C.S.A. §5552(c)(1)(supra) requires either fraud or a breach of fiduciary obligation to be a material element of the offense. Counts 1 through 25, 27 and 28, 30 and 31, 33 through 40 and 42 through 53 of the information filed against defendant charge him with the offenses of theft, theft by receiving stolen property and theft of services. Under the Crimes Code a "material element" is defined as:

"An element that does not relate exclusively to the statute of limitations jurisdiction, venue, or to any other matters similarly unconnected with:

(1) the harm or evil incident to the conduct sought to be prevented by the law defining the offense; or

(2) the existence of a justification or excuse for such conduct." 18 Pa.C.S.A. §103.

Neither theft, theft by receiving stolen property or theft of services contains a burden of proof requiring the showing of fraud or breach of fiduciary duty as a material element of the offense. See also Model Penal Code. Toll Pa. Crimes Code Annotated §103.

Accordingly, neither provision of 42 Pa.C.S.A. §5552(c) extending the statute of limitations is applicable to those counts of the information cited above.

We turn finally to the question of whether defendant's alleged absence from the Commonwealth tolled the running of the statute of limitations, during that period of absence. A review of those counts of the information which defendant seeks to have dismissed reveals that the alleged

offenses were committed between March 8, 1975 and June 18, 1978. The criminal proceedings for these violations were instituted June 18, 1980, more than two years after the date of these alleged offenses.

"Where the indictment shows on its face that more than two (2) years have elapsed since the date of the alleged crime, the Commonwealth is required to set forth in the indictment the exception which it relies upon to extend the period of limitation." Com. v. Cody, 191 Pa. Super. 354, 156 A. 2d 620 (1959). Com. v. Bender, 251 Pa. Super. 454, 380 A. 2d 212 (1974).

In this case none of the counts of the information in question set forth the exception. As such, defendant's motion to dismiss counts 1 through 25, 27 and 28, 30 and 31, 33 through 40 and 42 through 53 as being barred by the statute of limitations have been granted in the order of this court dated February 17, 1981.

ORDER

And now, February 17, 1981, upon consideration of defendant's motion to dismiss certain counts of the information by reason of the running of the statute of limitations it is hereby ordered and directed that counts 1 through 25, 27 and 28, 30 and 31, 33 through 40 and 42 through 53 are dismissed. An opinion in support of this order will be filed in the near future.