## Little v. Freeman

*William J. Gallagher and Mary Ann Rossi*, for plaintiff.

*James R. Freeman and Francis Capaldo*, for defendant.

GAWTHROP, *J.*, May 26, 1983—Before us are cross motions for summary judgment in this declaratory judgment action. Plaintiff J. Stephen Little (Little), is the Mayor of the Borough of Kennett Square (Borough), and also works as a private investigator. The issue raised is whether Little's work as a private detective creates the appearance of a conflict of interest or an actual conflict of interest, with his post as mayor requiring that he divest himself of one of these roles. We conclude that the appearance of such a conflict does indeed exist.

As mayor, Little has full charge of the borough police force, with the power to direct the time, place, and manner in which the police officers and chief perform their duties. Act of May 4, 1927, P.L. 519, as amended, 53 P.S. §46125; Salopek v. Alberts, 417 Pa. 592, 596, 209 A.2d 295 (1965); Bell v. Flood, 8 Pa. Commw. 423, 303 A.2d 244 (1973). The mayor also has all the powers of a sheriff "to prevent and suppress mobs, riots, and tumultuous assemblies." 53 P.S. §46028(b). In his affidavit in support of the motion for summary judgment, Little states that, as mayor, he potentially has access to borough police records.

We do not question, nor does defendant contest, the integrity of Little. The issue here is, rather, one of public policy. As the court stated in Com. v. Gregg, 262 Pa. Super. 362, 396 A.2d 797, 799, n. 6 (1979): "Where public officials are involved, even the appearance of a conflict of interest should be avoided. Robinson License, 75 D. & C. 2d 476, 478

(1976)[1]." See: In re Private Detective License of Keibler, 279 Pa. Super. 276, 420 A.2d 1331, 1334 (1980). In Gregg, two probation officers were granted licenses to be private detectives. In ordering that the licenses be revoked, the court noted that its "concern was that persons holding public office and given extra-ordinary authority for the benefit of the public might use that authority specifically for the benefit of private persons." Com. v. Gregg, supra, 396 A.2d at 798. Probation officers have police powers and may request and examine police records.

The latter privilege enables a probation officer to peruse anyone's criminal record, "a privilege not enjoyed by other private detectives." Id., 396 A.2d at 799.

Like a probation officer or a police superintendent[2], Little has access to records not ordinarily available to a private detective. Little implicitly acknowledges the potential for abuse which his position as mayor creates by vowing that neither he, nor the firm by which he is employed, shall conduct private investigations in the borough. This does not suffice to remove the appearance of a conflict of interest. There no doubt are borough police records of people involved in incidents beyond the borough which Little may be called upon to investigate. It is this potential for abuse, arising from Little's access to records and arising as well from his limited police powers as a sheriff, which creates an appearance of impropriety constituting a conflict of interest.

Accordingly, we enter the following

---

1. The integrity of the applicants in both Gregg and Robinson was also accepted.

2. The applicant who was denied a private detective license in Robinson License, supra, was a police superintendent.

## ORDER

And now this May 26, 1983, the court finding as a fact and concluding as a matter of law that plaintiff J. Stephen Little's position as Mayor of the Borough of Kennett Square creates the appearance of a conflict of interest with plaintiff's employment as a private investigator, it is hereby ordered, adjudged, and decreed that plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.