J. Stephen Little, Appellant v. James R. Freeman, Esquire, District Attorney of Chester County, Pennsylvania, Appellee.

Submitted on briefs October 15, 1984, to Judges ROGERS, DOYLE and COLINS, sitting as a panel of three.

*William J. Gallagher,* with him, *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.*

*James P. MacElree, II,* District Attorney of Chester County, with him, *Francis J. Capaldo,* Assistant District Attorney, for appellee.

OPINION BY JUDGE DOYLE, December 11, 1984:

Appellant, J. Stephen Little, appeals from a decision in a declaratory judgment action[1] in which the Court of Common Pleas of Chester County held that Appellant's position as Mayor of the Borough of Kennett Square created the appearance of a conflict of interest with Appellant's employment as a private investigator.

Appellant is the duly elected Mayor of the Borough of Kennett Square, and is also employed as a private investigator under the license of James Rich-

---

[1] *See* Section 7532 of the Declaratory Judgments Act, 42 Pa. C. S. §7532.

ard Schaefer.[2] Appellant brought an action for declaratory judgment upon the belief that the Chester County District Attorney (Appellee) was considering action to revoke the license of Mr. Schaefer based upon an actual or apparent conflict of interest created by Appellant's position as mayor.[3] Appellant submitted an affidavit in which he stated that as mayor he has potential access to certain police records,[4] but that neither he, nor any other employee under the license of Mr. Schaefer, would conduct private investigations in the Borough of Kennett Square. Cross motions for summary judgment were filed, and summary judgment was granted in favor of Appellee. Appellant's exceptions to the court's judgment were denied, and appeal to this Court followed.

We affirm on the basis of the able and well reasoned opinion of Judge ROBERT S. GAWTHROP, III in *Little v. Freeman,* Pa. D. & C. 3d (1983), and cite with approval the court's holding that despite Appellant's intention not to conduct private investigations in the Borough of Kennett Square, his position as mayor of that borough creates at least the appearance of a conflict of interest with his position as a private investigator, and that, where public officials are involved, even the appearance of a conflict of interest should be avoided. *See Commonwealth v. Gregg,* 262 Pa. Superior Ct. 364, 396 A.2d 797 (1979); *Stanley Appeal,* 204 Pa. Superior Ct. 29, 201 A.2d 287 (1964).

---

[2] Appellant is an employee of Mr. Schaefer. *See* Section 13 of The Private Detective Act of 1953, Act of August 21, 1953, P.L. 1273, *as amended,* 22 P.S. §23.

[3] In his Answer, Appellee admitted that such action was being considered.

[4] Section 1121 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46121, confers upon the Mayor full charge of the Chief of Police and of the police force.

ORDER

Now, December 11, 1984, the Order of the Court of Common Pleas of Chester County in the above referred matter, dated November 8, 1983, is hereby affirmed.