## In re Application of MILLENNIUM CONSULTING & ASSOCIATES FOR A PRIVATE DETECTIVE LICENSE.

### Appeal of Millennium Consulting & Associates.

Commonwealth Court of Pennsylvania.

Argued July 10, 2002.

Decided Aug. 9, 2002.

Joseph A. O'Keefe, Kutztown, for appellant.

Alisa R. Hobart, Reading, for appellee.

Before COLINS, President Judge, SIMPSON, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge SIMPSON.

Millennium Consulting & Associates (Firm) appeals to this Court for review of the order of the Court of Common Pleas of Berks County (trial court) that denied the Firm a private detective license pursuant

to The Private Detective Act of 1953(Act).[1] We affirm.

The Firm consists of two partners, William Wyandt and Craig Downs, both of whom are active full-time members of the Kutztown Borough Police Department. In August 2001, the Firm applied to the trial court for a detective license.[2] At that time the district attorney of Berks County did not object to the Firm's application. After a hearing, the trial court approved the Firm's license on September 25, 2001. A week later, the Commonwealth filed a motion to vacate the trial court's order. Following another hearing on November 14, 2001, the trial court vacated its order. In its subsequent opinion,[3] the trial court noted the substantial authority from the courts of this Commonwealth that prohibits the grant of a private detective license to a public official who also has police powers.[4]

■■■ On appeal to this Court,[5] the Firm argues that the trial court erred and frustrated the legislative intent when it denied the Firm a license. It contends the Firm's partners satisfy all the prerequisites under the Act for obtaining such a license.[6] The Firm further observes that

the "vast explosion" of electronic resources since 1986 warrants a reexamination of the earlier case law. It asserts that all the information formerly available only to police officers is now available to the public on the Internet. We disagree.

In evaluating whether a candidate can properly hold a private detective license, Pennsylvania appellate courts have looked not only at the potential for abuse that would exist if an official with police powers were to be licensed, *Commonwealth v. Gregg*, 262 Pa.Super. 364, 396 A.2d 797 (1979), but also at the appearance of impropriety. *Little v. Freeman*, 86 Pa. Cmwlth. 378, 484 A.2d 873 (1984). The concern is that a public official given authority for the benefit of the public might use that authority for the benefit of private persons. *Gregg*, 262 Pa.Super. 364, 396 A.2d 797. Public policy is best served when an individual with police powers is not also granted a private detective license. *In re Kuma K–9 Security, Inc*, 351 Pa.Super. 471, 506 A.2d 445 (1986).

In *In re Stanley*, 204 Pa.Super. 29, 201 A.2d 287 (1964), the Superior Court affirmed the denial of private detective li-

---

**1.** Act of August 21, 1953, P.L. 1273, *as amended*, 22 P.S. §§ 11–30.

**2.** Section 14 of the Act requires that the application be filed in the office of the clerk of the court of common pleas where a license's business is to be located. 22 P.S. § 14. Section 15 gives the district attorney of that county the power to enforce the Act. 22 P.S. § 15.

**3.** The trial court issued its opinion in support of its order pursuant to Pa. R.A.P.1925.

**4.** For purposes of the Act, we agree with the trial court that one is a public official when one has duties which "are of a grave and important character, involving some of the functions of government, and to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury."

Tr. Ct. Op. at 5, *quoting In re Stanley*, 204 Pa.Super. 29, 201 A.2d 287, 288 (1964).

**5.** When an appeal presents only a question of law, the standard of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167 (1995).

**6.** The Act provides that an individual, or at least one member of a partnership, association, or corporation applying for a license shall establish that he or she "has been regularly employed as a detective, or shall have been a member of the United States government investigative service, a sheriff, or member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than that of patrolman, for a period of not less than three years." 22 P.S. § 14(a).

 

cense to a Philadelphia constable [7] noting the obvious policy against allowing one with police powers to act as a private detective for private employers. Similarly, a probation officer in *Gregg* was denied a license because he had access to police files that the general public did not.

This Court repeated that reasoning in *Little* when the mayor of the Borough of Kennett Square sought a private detective license. We observed that "despite [the Mayor's] intention not to conduct private investigations in the Borough of Kennett Square, his position as mayor of that borough creates at least the appearance of a conflict of interest with his position as a private investigator, and that, where public officials are involved, even the appearance of a conflict of interest should be avoided." *Little*, 484 A.2d at 874. Such is the situation here.

We next address the Firm's argument that the "vast explosion" of electronic resources since 1986 compels a reexamination of cases interpreting the Act. We adopt the trial court's resolution of this issue. It found police patrolmen have access to various resources that the public does not, such as police department files, reports and other non-public databases. That singular access of public officials is precisely the rationale supporting the decisions just discussed. The cases are still good law.

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 9th day of August, 2002, the order of the Court of Common

Pleas of Berks County in the above-captioned matter is affirmed.

---

7. The constable powers included: the power to execute arrest warrants, arrest on sight for breach of the peace, vagrancy and drunkenness, the power to carry a concealed weapon and to be present at polling places to keep the peace. *In re Stanley*, 204 Pa.Super. 29, 201 A.2d 287 (1964).