**In re Marcel CENTENO, Private Detective License Application.**

**Appeal of the Commonwealth of Pennsylvania.**

Superior Court of Pennsylvania.

Argued April 13, 2010.

Filed Sept. 22, 2010.

Susan Wilcox, Asst. Dist. Atty., Philadelphia, for Com., appellant.

John J. Martucci, Jr., Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, J., and McEWEN, P.J.E.

OPINION PER CURIAM.

The Commonwealth appeals from the decision of the trial court to issue to appellee, Marcel Centeno, a license under The Private Detective Act of 1953, 22 P.S. §§ 11 *et seq.*[1] We reverse.

Since the germane facts are not in dispute, we will adopt, for purposes of considering this appeal, the following summary of the facts set forth in the brief of appellee:

> Marcel Centeno, a resident of Berks County, Pennsylvania applied for a private detective license pursuant to the Private Detective Act of 1953, 22 P.S. §§ [11] *et seq.* Currently, he is employed as a correctional officer at the Montgomery County Correctional Facility. Mr. Centeno has had a private detective license in the State of New York for the last three years. He decided to obtain a license in Philadelphia County in an attempt to begin business in Philadelphia.

> A hearing was held before the Honorable Frank Palumbo [of the Court of Common Pleas of Philadelphia] on [March 17,] 2009, where the Commonwealth opposed granting Mr. Centeno a private detective license. During the argument before the lower court the Commonwealth could not produce a case where a prison guard was denied a private detective license. Consequently, Mr. Centeno was granted license by the lower court.

1. Since the decision of the Court of Common Pleas to issue a license under section 6 of The Private Detective Act of 1953, 22 P.S. § 16, does not fall within any of the provisions of section 762 of the Judicial Code, 42 Pa.C.S. § 762 (describing the appellate jurisdiction of the Pennsylvania Commonwealth Court), the appeal of the decision properly lies with this Court. *See:* 42 Pa.C.S. § 742.

Thereafter, the Commonwealth requested the lower court to reconsider its decision. Judge Palumbo granted the Commonwealth's request and another hearing was held on May 18, 2009. The Commonwealth again argued an appearance of impropriety existed and a potential for a conflict of interest in granting a private detective license to a prison guard was substantial.

[The trial court denied the Commonwealth request for relief and sustained its original grant of a license to appellee].

Brief of Appellee, p. 4. This appeal followed.

The Commonwealth, in the brief filed in support of this appeal, contends that the trial court erred in granting a private detective license to appellee because "a prison guard is a peace officer and so is prohibited from holding a private detective license." Brief of Appellant, p. 6. We agree.

There is no disputing Centeno's status as a corrections officer, and the governing statutory authority describes the powers of a corrections officer as follows:

[A] corrections officer of a county corrections institution may exercise the powers of a peace officer in the performance of that person's duties generally in:

(1) Guarding, protecting, and delivering inmates.

(2) Protecting the property and interests of the county.

(3) Capturing and returning inmates that may have escaped.

61 P.S. § 1734 (effective October 13, 2009; recodifying of 61 P.S. § 409.1). Moreover, it is well established that corrections officers are also considered law enforcement officers. *See: Commonwealth v. Nauss,* 421 Pa.Super. 220, 617 A.2d 805, 806 (1992), *appeal denied,* 535 Pa. 616, 629 A.2d 1378 (1993).

The Courts of Pennsylvania have consistently held that a law enforcement officer cannot simultaneously hold a license as a private detective. *See: In re Kuma K–9 Security, Inc.,* 351 Pa.Super. 471, 506 A.2d 445 (1986) (issuance of private detective license made contingent on resignation of police officer as consultant); *Commonwealth v. Gregg,* 262 Pa.Super. 364, 396 A.2d 797 (1979) (denying the issuance of private detective license to a probation officer); *Stanley Appeal,* 204 Pa.Super. 29, 201 A.2d 287 (1964) (private detective license was suspended upon its holder being elected as a constable). Thus, although the trial court was correct in observing that there is no reported decision precluding a corrections officer from holding a license as a private detective, the weight of authority is in favor of the position espoused by the Commonwealth, namely that "as a matter of public policy, persons vested with the authority of a peace officer, by virtue of their public employment, cannot be licensed as private detectives, because of the obvious potential for abuse and conflict of interest." Brief of Appellant, p. 4. *See generally: In re Application of Millennium Consulting & Associates,* 804 A.2d 735, 736 (Pa.Cmwlth.2002) (potential for abuse, as opposed to evidence of actual abuse, and appearance of impropriety are reasons for denial of private detective license to active duty law enforcement officers).

Order reversed.