J. S03039/15

2015 PA Super 87

| | | |
|---|---|---|
| IN RE:  APPLICATION OF | : | IN THE SUPERIOR COURT OF |
| JOHN P. CLADER, TRADING AS | : | PENNSYLVANIA |
| LT INVESTIGATIONS, | : | |
| FOR A PRIVATE DETECTIVE LICENSE | : | |
| | : | |
| APPEAL OF:  COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | No. 2094 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered June 26, 2014,
in the Court of Common Pleas of Pike County
Civil Division at No. CV128-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

DISSENTING OPINION BY FORD ELLIOTT, P.J.E.:      **FILED APRIL 20, 2015**

I respectfully dissent.  I agree with the majority that it is well settled that law enforcement officers, including probation officers and correctional officers, cannot simultaneously hold a license as a private detective.  This is primarily as a matter of public policy and to avoid the appearance of a conflict of interest.  As this court stated in **In re Centeno**, 5 A.3d 1248, 1249 (Pa.Super. 2010), reversing the issuance of a license to a county correctional officer:

> the weight of authority is in favor of the position espoused by the Commonwealth, namely that "as a matter of public policy, persons vested with the authority of a peace officer, by virtue of their public employment, cannot be licensed as private detectives, because of the obvious potential for abuse and conflict of interest."

*See also In re Kuma K-9 Sec., Inc.*, 506 A.2d 445, 448 (Pa.Super. 1986) ("Where public officials are involved, even the appearance of a conflict of interest should be avoided.") (citation omitted).

The majority distinguishes this case on the basis that Clader's authority is limited to school purposes. The majority observes that his police powers are limited, in terms of scope and jurisdiction, compared to the broad county-wide or state-wide powers of police, probation, and correctional officers. In addition, Clader cannot access criminal background information.

With great respect to the majority view, I fail to see a meaningful distinction between probation officers, correctional officers, and school police officers for purposes of private detective licensing. As the Commonwealth points out, Clader was granted full municipal police powers, including the power to issue summary citations and to detain individuals until local law enforcement is notified. He has the same powers as a municipal police officer and is required, while on duty, to wear a shield identifying himself as a school police officer. 24 P.S. § 7-778(c)(2), (d). In addition, while he cannot obtain criminal history information, he does have access to drivers' license, registration, and stolen vehicle information. (Commonwealth's brief at 13.) This information is not obtainable by an individual or private detective. (*Id.*)

The policy interest behind the rule is to avoid the appearance of impropriety and the potential for abuse, as opposed to any evidence of actual abuse. *Centeno*, *supra*, citing *In re Application of Millennium Consulting & Assoc.*, 804 A.2d 735, 736 (Pa.Cmwlth. 2002). It seems to me these concerns are valid whether the applicant is a probation officer, correctional officer, constable, or school police officer.

For these reasons, I am of the opinion that the trial court erred in issuing Clader a private detective license. As such, I would not reach the second issue, the trial court's authority to grant a private detective license subject to certain limitations.